UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VILAY SIRIPHONE dba IKE'S TRANSMISSION AND CLUTCH, | ) ) ) | Case No. 07-CV-1656-L (JMA) |
| Plaintiff, | ) ) | **ORDER GRANTING MOTION TO COMPEL DEPOSITION OF JEAN SIRIPHONE** |
| v. | ) ) | |
| ACCEPTANCE INDEMNITY INSURANCE COMPANY, et al., | ) ) ) | **[Document No. 35]** |
| Defendants. | ) ) ) | |

On June 19, 2008, Defendant Acceptance Indemnity Insurance Company ("Acceptance") filed a Motion to Compel Deposition of Jean Siriphone ("Motion"), a third-party witness who failed to appear after having been served with a "Subpoena in a Civil Case" ("subpoena") in this action.  Ms. Siriphone filed no objection to the subpoena and no opposition to the Motion.  Because Acceptance has shown that it complied with the requirements of Fed. Rule Civ. Proc. 45 in serving the subpoena on Ms. Siriphone, and because Ms. Siriphone has failed to present an adequate excuse for not obeying the subpoena as provided by the Federal Rules of

07cv1656

Civil Procedure, the Court **GRANTS** Acceptance's Motion and **ORDERS**
Ms. Siriphone to appear for her deposition in this case.

This is an action for bad faith concerning the handling of
the claim of Plaintiff Vilay Siriphone dba Ike's Transmission &
Clutch for first-party coverage benefits arising out of a theft
which occurred on May 12, 2005, at the insured premises.
(Declaration of Tod M. Castronovo in Support of Motion [Doc. No.
35-2] ("T.M.C. Decl.") at ¶ 2; See Notice of Removal [Doc. No.
1], Exhibit A at pp. 7-13 (Complaint).)  On January 31, 2008,
Acceptance served a Notice of Taking Deposition of Jean Siriphone
for March 24, 2008.  (T.M.C. Decl. at ¶ 4; Exhibits in Support of
Motion [Doc. No. 35-4] ("Exhibits") at Exh. A.)  On March 24,
2008, as counsel for Acceptance traveled to Carlsbad to take Ms.
Siriphone's deposition, he received a telephone call from
Plaintiff's counsel, Andy Van Le, advising that Ms. Siriphone was
ill and would not appear for her scheduled deposition.  (T.M.C.
Decl. at ¶ 5.)

On April 27, 2008, Acceptance caused Ms. Siriphone to be
served with a subpoena issued by this Court, requiring her to
appear for her rescheduled deposition on May 20, 2008.  (Exhibits
at Exh. B.)  When Ms. Siriphone was served with the subpoena, she
advised the process server that she would not appear for her
deposition.  Ms. Siriphone did in fact fail to appear for her
rescheduled deposition on May 20, 2008.  (T.M.C. Decl. at ¶ 7;
Exhibits at Exh. C.)

On May 21, 2008, counsel for Acceptance, Mr. Castronovo,
mailed a letter to Ms. Siriphone, giving her one last opportunity
to comply with the subpoena before he filed this Motion.  (T.M.C.

07cv1656

Decl. at ¶ 8; Exhibits at Exh. D.)  Mr. Castronovo received no
response from Ms. Siriphone.  (T.M.C. Decl. at ¶¶ 8-9.)  On June
5, 2008, Mr. Castronovo spoke with Mr. Van Le to determine
whether he had the ability to produce Ms. Siriphone for her
deposition.  Mr. Van Le informed him that he had no such ability
and further informed Mr. Castronovo that Ms. Siriphone's doctor
had indicated that her health did not permit her giving a
deposition at that time.  (<u>Id</u>. at ¶ 10; Exhibits at Exh. E.)  By
facsimile dated June 6, 2008, Mr. Castronovo received a letter
from Ms. Siriphone's doctor stating that Ms. Siriphone's
deposition could be taken sixty (60) days after May 20, 2008.
(T.M.C. Decl. at ¶ 11; Exhibits at Exh. F.)[1]

 Acceptance contends that Ms. Siriphone's deposition is
necessary because she is a percipient witness to one of the
central issues in this action, that is, Plaintiff's report to the
San Diego Police Department regarding the value of the tools
allegedly stolen from his automotive garage.  At the time of the
alleged theft, the tools were valued at approximately $1,700;
now, the alleged value is in excess of $100,000.  (T.M.C. Decl.
at ¶ 12.)  Additionally, Ms. Siriphone has percipient knowledge
of Plaintiff's claim that he lost his business because of the
manner in which the claim was adjusted, and Plaintiff contends
that the manner in which the claim was adjusted resulted in Ms.
Siriphone divorcing Plaintiff.  (<u>Id</u>. at ¶ 13.)  Moreover, Ms.
Siriphone's deposition is necessary because she was the contact
person for all dealings with the insurer and adjuster during the

---

[1]Curiously, Dr. Trung Quy Tran's "Medical Certificate," a hand-printed note on his/her letterhead, is dated "October 30th, 2008." (Exhibits at Exh. F.)

07cv1656

1   adjustment of Plaintiff's insurance claim.  (<u>Id</u>. at ¶ 14.)

2       Pursuant to Fed. Rule of Civ. Proc. 45(a)(2)(B), a subpoena

3   to depose a nonparty witness "must issue ... from the court for

4   the district where the deposition will be taken."  Defendant

5   complied with the federal rule in issuing and serving the

6   subpoena on Ms. Siriphone in this case.  (<u>See</u> Exhibits at Exh.

7   B.)  The subpoena form advised Ms. Siriphone of her rights

8   concerning the subpoena, and specifically informed her that:

9           **Failure of any person without adequate excuse to obey a
            subpoena served upon that person may be deemed a**
10          **contempt of the court from which the subpoena issued.**
            An adequate cause for failure to obey exists when a
11          subpoena purports to require a nonparty to attend ...
            at a place not within [100 miles of home or business].
12

13  (Fed. Rule Civ. Proc. 45(e)(emphasis supplied); Exhibits at Exh.

14  B).  Ms. Siriphone filed no objection to the subpoena and took no

15  action other than transmitting to Mr. Castronovo, through Mr. Van

16  Le, the letter from Dr. Trung Quy Tran indicating that she would

17  be medically cleared to attend her deposition anytime after July

18  20, 2008.

19      In light of the foregoing, the Court **ORDERS** the following:

20      (1)  Mr. Castronovo shall cause this Order to be served on

21           Jean Siriphone **not later than August 8, 2008;**

22      (2)  Jean Siriphone shall appear for her deposition on a

23           mutually agreed-upon date among herself, Mr.

24           Castronovo, and Mr. Van Le (or their offices), but in

25           no event shall Jean Siriphone appear for her deposition

26           after **August 29, 2008** absent further order of the

27           Court;

28  //

4

07cv1656

(3)  The Court requests that Mr. Van Le assist Mr.
     Castronovo is securing Jean Siriphone's attendance at
     her deposition by telephoning her and explaining to her
     the potential consequences of a finding of civil
     contempt of court.

**Jean Siriphone is strongly cautioned that failure to comply with this Order and appear for her deposition may result in a finding of civil contempt of court, which can carry with it a monetary fine in the form of a judgment against her.** (<u>See</u> 18 U.S.C. § 401.)

**IT IS SO ORDERED.**

DATED:  July 31, 2008

Jan M. Adler
U.S. Magistrate Judge

07cv1656